UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WENDELL DWAYNE O'NEAL,                        CIVIL NO. 07-2803 (ADM/JSM)

        Plaintiff,

v.                                            REPORT AND RECOMMENDATION

NINA C. COOK,
RADISSON HOTEL,
CITY OF ST. PAUL,
MANUEL CERVANTES,
JOHN J. CHOI,
YILENG VANG,
CAPITAL CITY PROPERTIES,
ST. PAUL PORT AUTHORITY PRPTY.,
UNKNOWN MANAGER,
UNKNOWN SECURITY PERSON,
SHARI MOORE,
CRESTLINE HOTEL MGMT., and
CARLSON,

        Defendants.


JANIE S. MAYERON, United States Magistrate Judge

        The above matter came on before the undersigned upon the Motion to Dismiss

or for Summary Judgment [Docket No. 22] brought by defendants City of St. Paul,

Manuel Cervantes, John J. Choi, Yileng Vang and Shari Moore, and on the Motion to

Dismiss and for Sanctions Pursuant to 28 U.S.C. § 1915 and Rule 11, Federal Rules of

Civil Procedure [Docket No. 33], brought by defendants Radisson Hotel, Capital City

Properties, St. Paul Port Authority Prpty. and Nina Cook.

        Defendants City of St. Paul, Manuel Cervantes, John J. Choi, Yileng Vang and

Shari Moore (hereinafter referred to collectively as the "City Defendants") were

represented by Judith A. Hanson.  Defendants Radisson Hotel, Capital City Properties,

St. Paul Port Authority Prpty., and Nina Cook (hereinafter referred to collectively as the

"Radisson Defendants") were represented by Louis A. Behrendt.[1]  Plaintiff responded in writing to defendants' motions [Docket Nos. 28-32, 37-38, 40-41], but did not appear at the hearing on the motions.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

For the following reasons, the Court recommends that defendants' motions to dismiss be granted.

## I.    BACKGROUND

This suit arises out of an incident which took place at the Radisson Hotel in St. Paul on August 15, 2005, at which time plaintiff was arrested by the St. Paul Police Department in the early hours of the morning, taken into custody, and released the next day after plaintiff pled guilty before Ramsey County District Judge George Stephenson to the petty misdemeanor charge of trespass.  Plaintiff moved to withdraw his guilty plea but failed to appear at the hearing scheduled by Judge Stephenson, who consequently upheld plaintiff's conviction.  See O'Neal v. State of Minnesota, 2006 WL 2947470 at *1 (Minn.Ct.App. Oct. 17, 2006), review denied Dec. 20, 2006 (hereafter "O'Neal I"). Judge Stephenson's denial of the petition for post-conviction relief was affirmed by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied review on December 20, 2006.  2006 WL 2947470 at *1.  Plaintiff then filed a second petition for post-conviction relief on August 21, 2007.  See O'Neal v. State of Minnesota, 2008

---

[1]     It is unclear to the Court whether Carlson was ever served.  Although there is a process receipt and return regarding Carlson in the court docket, there is no acknowledgement of receipt of the Summons and Complaint by Carlson in the docket. See Summons Returned Executed [Docket No. 39].  Furthermore, there is no evidence that Crestline was ever served in this matter.

2

WL 2496998 at *1 (Minn.Ct.App. June 24, 2008) (hereafter "O'Neal II"), review denied August 5, 2008.  The district court summarily denied the petition on the grounds that his claims were procedurally barred, the Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review on August 5, 2008.  Id.

Since plaintiff's conviction for trespass, plaintiff has filed a number of cases, in both Minnesota state court as well as federal court, regarding the incident and subsequent events relating to the incident.

In Ramsey County District Court in the State of Minnesota, plaintiff filed the following cases:

- O'Neal v. Crumb, St. Paul Police Department and City of St. Paul, Ramsey County Court File No. C9-06-3086 (filed April 4, 2006);

- O'Neal v. Moore, Graupmann, Fang, Crum and City of St. Paul, Ramsey County Court File No. C1-06-4913 (filed May 16, 2006);

- O'Neal v. Moore, Ramsey County Court File No. C6-06-6690 (filed July 5, 2006);

- O'Neal v. Cook, Crestline, Graupmann, St. Paul Police Department, and the City of St. Paul, Ramsey County Court File No. CX-06-6756 (filed July 11, 2006);

- O'Neal v. Moore, Ramsey County Court File No. C2-06-7240 (filed July 26, 2006);

- O'Neal v. Fang sic Vang, Skarda, Riley, Choi, St. Paul City Attorney's Office, and the City of St. Paul, Ramsey County Court File No. CX-06-7244 (filed July 26, 2006).

Of these Ramsey County District Court matters, Case No. C9-06-003086 was dismissed by the Court after plaintiff agreed with defendant's motion to dismiss.  See Order of Judge De Courcy dated June 15, 2006 (Hanson Aff., Ex. 4).  Case No.  C1-06-4913 was removed to federal court by defendants.  Case Nos. C2-06-7240, CX-06-6756, CX-06-7244 and C6-6690 were all dismissed by Order of Judge Higgs on April 5,

2007.  See Order dated April 5, 2007 (Hanson Aff., Ex. 4).  As to those cases dismissed

by the Order of Judge Higgs, pertinent to the instant case, plaintiff had alleged various

violations of his civil rights and the Minnesota Government Data Practices Act

(MGDPA), and misconduct by state actors.[2]

In Ramsey County Case No. CX-06-6756, plaintiff brought suit against Nina

Cook, Crestline Hotel Management, Officer Nikkole Graupmann, the St. Paul Police

Department and the City of St. Paul.  Plaintiff alleged that on August 15, 2005, he went

to the Radisson Hotel in St. Paul to use a payphone to call the Dorothy Day Shelter,

who advised him that he could stay there but that he needed identification.  Because

plaintiff's identification was in the possession of the St. Paul Police Department, plaintiff

used the Radisson payphone to call 911 to obtain his wallet.  Officer Vang was

dispatched and allegedly assaulted plaintiff.  Plaintiff again called 911 to report the

assault and to request a supervisor of Officer Vang come to the scene, and Officer

Graupmann responded.  Plaintiff alleged that Officer Vang failed to create a police

report in order to conceal his assault of plaintiff, and that Officer Graupmann also failed

to create a police report.  In addition, according to plaintiff, Cook made a false 911 call

and maliciously complained that plaintiff was trespassing.  Plaintiff claimed that Cook,

Crestline and the Radisson Hotel reported a false crime, obstructed legal process,

tampered with a witness, caused a false arrest, instituted malicious prosecution,

defamed his character, intentionally inflicted emotional distress, discriminated against

him, and refused him public accommodations in violation of Minn. Stat. § 609.505, the

Minnesota Human Rights Act (MHRA) and 42 U.S.C. § 1981, 1983, 1985, 1986, 2000a,

---

[2]      Judge Higg's Order also dismissed Case No. C6-06-6897, O'Neal v. Wilberg, et al., as part of his April 5, 2007 Order after plaintiff failed to provide proof of service on the defendants in that case.  Hanson Aff., Ex. 4.  The Court was not provided a copy of the Complaint in that case.

and 18 U.S.C. §§ 241 and 242.  Plaintiff also claimed that Officer Graupmann and the City of St. Paul discriminated against him, and denied, conspired to deny, and failed to prevent the violation of his civil rights in violation of 42 U.S.C. §§ 1983, 1985, 1986 and 2000a.  See Hanson Aff., Ex. 6 (Amended Civil Complaint).

In Ramsey County Case No. C2-06-7240, plaintiff filed suit against Shari Moore in order to compel production of police records pursuant to the MGDPA.  According to plaintiff, he made a request for the Internal Affairs Division of the St. Paul Police Department to investigate Officer Vang after he allegedly assaulted plaintiff and stole his property on August 15, 2005.  After the St. Paul Police Department determined that plaintiff's allegations were unfounded, plaintiff sought disclosure of the internal affairs records, which was denied by the police department.  Plaintiff then submitted another MGDPA request for the 911 transcript of a call made by Nina Cook on August 15, 2005.  On June 19, 2006, plaintiff received a letter indicating that the 911 transcript of Cook's call had been corrected.  Subsequently, plaintiff brought suit for disclosure of the internal affairs records.  See Hanson Aff., Ex. 5 (Civil Complaint).

In Ramsey County Case No. CX-06-7244, plaintiff sued Officer Vang, Attorney Therese Skarda, Attorney Meghan Riley, City Attorney John Choi, the St. Paul City Attorney's Office and the City of St. Paul alleging deprivation of his civil rights.  Plaintiff alleged that on August 15, 2005, Officer Vang created a false police report claiming plaintiff trespassed and committed disorderly conduct.  Attorney Skarda then caused the manufacture of false 911 records from August 15, 2005 which did not correspond to the actual events of August 15, 2005, and conspired with City Attorney Choi and the City of St. Paul to conceal and suppress evidence of a second 911 call made by plaintiff on August 15, 2005.  Plaintiff submitted a request under the MGDPA to correct the 911 call

transcript; he received a response, but claimed that it did not specify any corrections to that transcript.  Plaintiff alleged deceit, perjury, fraud, and misconduct in violation of 18 U.S.C. §§ 241 and 242 against Officer Vang, Attorney Skarda, City Attorney Choi and the City of St. Paul.  Plaintiff additionally alleged that Attorney Riley, City Attorney Choi and the City of St. Paul unlawfully removed the matter of O'Neal v. Moore, et al., C1-06-4913, to federal court in an effort to intentionally deny him court access in violation of Minn. Stat. § 44.01, 481.071, 481.07, 18 U.S.C. §§ 241 and 242, and 42 U.S.C. §§ 1983, 1985(2)(3), 1986, and 1988.  Based on the allegedly unlawful removal of his case to federal court, plaintiff alleged that Attorney Riley, City Attorney Choi and the City of St. Paul caused him intentional infliction of anguish and distress, that City Attorney Choi and the City failed to properly train and supervise Riley, and that the City instituted an unlawful policy, practice or custom.  See Hanson Aff., Ex. 7 (Civil Complaint).

In federal court, plaintiff filed the following cases in addition to the present case:

- O'Neal v. Unknown 911 Dispatcher, Vang, St. Paul Police Department and the City of St. Paul, 05-cv-1865 (RHK/JSM) (filed August 22, 2005);

- O'Neal v. Unknown 911 Dispatcher, Vang, Higgins, St. Paul Police Department, St. Paul City Attorney, Assistant Prosecutor, Autumn X. Nelson, Office of Public Defender, City of St. Paul, Unknown Radisson Hotel Security Chief, and Unknown Radisson Hotel Manager, 05-cv-1897 (JMR/FLN) (filed August 22, 2005);

- O'Neal v. Fang –sic Vang, St. Paul Police Department, Autumn X. Nelson, City of St. Paul and Manuel Cervantes, 05-cv-2464 (DSD/SRN) (filed October 25, 2005);

- O'Neal v. Moore, Crum, Vang, Graupmann, Choi and the City of St. Paul, 06-cv-2336 (ADM/JSM) (filed June 8, 2006);

- O'Neal v. City of St. Paul, Vang, Ramsey County, Susan Gaertner, Patricia Leski, Bob Fletcher, Greg Slatter and Unknown Ramsey County Deputy Sheriff, 07-cv-3947 (ADM/JSM) (filed September 11, 2007);

- <u>O'Neal v. City of St. Paul, Manuel Cervantes, Skarda, Andrea Miller, George Stephenson, John Choi, Jessica McConnelly, Ramsey County, Mr. Gill, Autumn X. Nelson and Unknown Student Attorney</u>, 07-cv-4230 (ADM/JSM) (filed October 11, 2007).

Case Nos. 05-1865 and 05-1897 were voluntarily dismissed by plaintiff.  In Case No. 05-2464, plaintiff was denied <u>in forma pauperis</u> status because he had failed to state a claim upon which relief could be granted and the case was dismissed.  Case No. 06-2336 was dismissed on summary judgment.  The remaining two cases, Case Nos. 07-3947 and 07-4230, in addition to the present case, are pending before this Court, and are subject to separate Report and Recommendations recommending dismissal.

In Case No. 05-2464, plaintiff sued Officer Vang, the City of St. Paul, Ramsey County Public Defender Autumn Nelson, and City Attorney Manuel Cervantes.  Plaintiff alleged that on August 15, 2005, he was at the Radisson Hotel in St. Paul, Minnesota. He placed a 911 call from the hotel to report that his wallet had been stolen at some earlier date by a St. Paul police officer named Higgins.  Officer Vang responded to plaintiff's 911 call from the hotel.  Upon arriving at the hotel, Officer Vang arrested plaintiff for trespassing, and then transported him to a police facility.  Plaintiff alleged that Officer Vang arrested him, took him into custody, and deprived him of certain personal property, without adequate legal cause.  Plaintiff later pled guilty to the trespassing charge.  During the guilty plea proceeding, the City of St. Paul was represented by City Attorney Manuel Cervantes, and plaintiff was represented by Nelson.  Plaintiff alleged that Cervantes and Nelson coerced him into pleading guilty against his will, by threatening to have additional charges brought against him if he contested the pending trespassing charge.  Plaintiff sought relief under 42 U.S.C. §§ 1983, 1985 and 1988 for false arrest, unlawful detention, unlawful deprivation of

property, unlawful entry, search and seizure, intentional infliction of mental anguish and emotional distress, malicious prosecution, and ethnic intimidation.  <u>See</u> Complaint, Case No. 04-cv-2464 (DSD/SRN).

In Case No. 06-2336, plaintiff brought suit against Shari Moore, Pete Crum, Officer Vang, Officer Graupmann, City Attorney Choi and the City of St. Paul.  Plaintiff claimed that defendants violated the MGDPA regarding his request for records following his arrest and conviction for trespass from the August 15, 2005 incident at the Radisson Hotel.  Plaintiff sought relief under the MGDPA for defendants' alleged failure to create records, their creation of allegedly false records, their statements regarding the requirements of the MGDPA, their alleged efforts to conceal records, and ultimately, their failure to produce records sought by plaintiff at all or on a timely basis.  Plaintiff also asserted that defendants' conduct relating to the encounter with him on August 15, 2005 at the Radisson Hotel, and the subsequent handling of his request for records bearing on that encounter, amounted to discrimination against plaintiff, a violation of his civil rights, and a denial of equal protection under the law.  Additionally, plaintiff claimed that the City of St. Paul's policies, procedures, supervision, and training of its employees with respect to their obligations to respond to emergency calls, comply with the MGDPA, prepare reports, and accurately record information, violated his civil rights and various provisions of the MGDPA.  Plaintiff also claimed that defendants discriminated against him, failed to properly train and supervise, and implemented unlawful policies, practices, customs and procedures, all of which violated the MHRA, 42 U.S.C. §§1981, 1983, and 2000 <u>et seq</u>.  <u>See</u> Second Amended Complaint, 06-cv-2336 (ADM/JSM).

On June 13, 2007, plaintiff commenced the instant action, and shortly after, filed a Second Amended Complaint, which is now the subject of the current motions [Docket No. 8].   In this pleading, plaintiff alleged the following facts that bear on the motions before this Court:[3]

Plaintiff is Melanic Amerikan and receives Social Security benefits for mental illness.   Second Am. Complaint, ¶¶ 52-53.   Plaintiff is also a member and affiliate of a religious organization known as the Melanic Islamic Palace of the Rising Sun, which he believes may have motivated the transaction of the events of which he complains.   Id., ¶ 55.   Defendant City of St. Paul formed a non-profit a corporation named defendant St. Paul Port Authority Properties, otherwise known as defendant Capital City Properties.   Id., ¶ 1.   As of August 15, 2005, the City of St. Paul owned the Radisson Hotel under a franchised license with defendant Carlson.   Id., ¶ 2.   The City of St. Paul employed defendant Crestline Hotel Management to manage the hotel.   Id., ¶ 3.   Defendant Nina Cook and defendant Unknown Manager were employed by the City of St. Paul, Carlson, Radisson or Crestline Hotel Management.   Id., ¶¶ 5-7.   Defendant Manuel Cervantes was employed by the City of St. Paul as its attorney on August 15, 2005.   Id., ¶ 9.   Defendant John J. Choi was employed by the City of St. Paul as its attorney after the discharge of Cervantes.   Id., ¶ 10.   Defendant Shari Moore was employed by the City of St. Paul as city clerk.   Id., ¶ 11.   Defendant Yileng Vang was alleged to be a police officer with the St. Paul Police Department who was responsible for plaintiff's arrest.   Id., ¶¶ 26, 27.

---

[3]   Pursuant to Rule 12(b)(6), this Court has concluded as to all defendants that plaintiff has failed to state claims upon which relief can be granted.   Therefore, for the purpose of the Court's recitation of the facts, it accepts as true all of the factual allegations of the Second Amended Complaint.   See Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)).

On August 15, 2005, following phone calls to St. Paul police by Cook and plaintiff, plaintiff was arrested in the early hours of the morning by Officer Vang of the St. Paul Police Department, taken into custody, and released the next day after plaintiff pled guilty to the petty misdemeanor charge of trespass.  Second Am. Complaint, ¶¶ 26, 29, 30, 32.  A week later, on August 22, 2005, plaintiff returned to the Radisson Hotel to speak to defendant Cook, at which time a manager for the hotel, based on communications by City Attorney Choi, allegedly interrupted the conversation and asked plaintiff to leave the premises and not return.  Id., ¶¶ 20, 45.  On the same date, Cook signed a trespass warning.  Id., ¶ 21.  The next day, August 23, 2005, plaintiff signed the trespassing warning prohibiting him from entering the premises for an indefinite period of time.  Id., ¶ 22.

Approximately ten months later, on June 19, 2006, Moore, city clerk for the City of St. Paul, responded to plaintiff's request for documents relating to the August 15, 2005 incident at the Radisson Hotel pursuant to an MGDPA request, and produced, among other documents, the citizens arrest form signed by Cook that was used to detain and prosecute plaintiff.  Second Am. Complaint, ¶¶ 46-48.  According to plaintiff, Moore, and City Attorney Choi, together with Officer Vang and Cook, manufactured this citizen's arrest form.

Based on these facts, plaintiff asserted in Count III that the City issued the August 22, 2005 trespass warning against him for an improper discriminative and retaliatory motive in response to his efforts to discover exculpatory evidence regarding his arrest on August 15, 2005, and that such conduct amounted to discrimination in violation of the MHRA.  Second Am. Complaint, ¶ 24.

In Count IV, plaintiff claimed that in violation of 42 U.S.C. §§ 1981, 1983, 1985 and 2000a, he was unlawfully assaulted, arrested, detained, and prosecuted for trespass in connection with the events on August 15, 2005, resulting in his guilty plea to the charge of trespass. Specifically, plaintiff alleged that Officer Vang assaulted him upon arrival at the Radisson Hotel. Second Am. Complaint, ¶ 28. Plaintiff further alleged that City Attorney Cervantes caused him to be unlawfully detained and prosecuted for an alleged trespass based upon an unlawful arrest and plea bargain policy, which resulted in plaintiff entering a guilty plea and denied him an opportunity to appear before a judge. Id., ¶ 41. Plaintiff also alleged that City Attorney Cervantes advised the City of St. Paul to conceal plaintiff's second emergency 911 call records which resulted in the unlawful creation of 911 incident records from August 15, 2005. Id., ¶ 43.

In the next Count (unnumbered) plaintiff claimed that City Attorney Choi's involvement in interrupting plaintiff's conversation with Cook on August 22, 2005, constituted a policy, practice and procedure in violation of the MHRA. Second Am. Complaint, ¶ 45.

Finally, in Count V, plaintiff alleged that on June 19, 2006, the City, through City Attorney Choi, city clerk Moore and Officer Vang, conspired and engaged in misrepresentation, fraud and deceit in violation of Minn. Stat. §§ 481.071 and 481.07 and the MGDPA, by unlawfully procuring the August 15, 2005 citizens arrest certificate from Cook to justify the August 22, 2005 trespass warning. Second Am. Complaint, ¶¶ 46, 48, 50.

In lieu of answering plaintiff's Second Amended Complaint, the City Defendants moved for dismissal or, in the alternative, for summary judgment. City Def. Mot. to

Dismiss, p. 1 [Docket No. 22].   The City Defendants argued that there is no subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and therefore, the Complaint should be dismissed based on the <u>Rooker-Feldman</u>[4] doctrine.   Additionally, the City Defendants submitted that pursuant to Fed. R. Civ. P. 12(6), plaintiff's claims against them failed for the following reasons:   plaintiff's claims are barred by <u>Heck v. Humphrey</u>,[5] the applicable statutes of limitation, and the doctrines of laches, collateral estoppel and res judicata; plaintiff has not established violations of 42 U.S.C. §§ 1983, 1985, 1986, 1988, 2000a and Minn. Stat. § 363A; plaintiff's claims of assault, concealment of evidence, and alleged violations of Minn. Stat. §§ 481.071 and 481.07 fail as a matter of law; and plaintiff lacks standing to assert violations of Minn. Stat. §§ 481.071 and 481.07.[6]

The Radisson Defendants also moved to dismiss plaintiff's suit pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that the Second Amended Complaint failed to state claim against them under the MHRA, the federal civil rights statutes, and Minn. Stat. §§ 481.071 and 481.07.   Additionally, the Radisson Defendants asserted that all of plaintiff's claims were barred by the doctrine of res judicata, those claims that were based on his trespass conviction were barred by <u>Heck v. Humphrey</u>, 512 U.S.

---

[4]     <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

[5]     <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

[6]     The City Defendants also moved to dismiss the Amended Complaint based on the fact that plaintiff had not failed them within 120 days of filing the Complaint, in violation of Rule 4(m) of the Federal Rules of Civil Procedure.   Plaintiff was granted <u>in forma pauperis</u> status on February 29, 2008 [Docket No. 12] and he served defendants on March 29, 2008 [Docket No. 39].   The Court finds that plaintiff had good cause for delaying service of the Amended Complaint on the City Defendants and that service was timely.

477 (1994), and his MHRA claims were barred by the applicable statute of limitations. The Radisson Defendants also sought dismissal of the suit pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 11.[7]

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(1) Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); see also Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court restricts its review to the pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. See Osborn, 918 F.2d at 729 n. 6. The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction. See Titus, 4 F.3d at 593 (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)); Osborn, 918 F.2d at 729 n. 6.

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6). See Titus, 4 F.3d 590 at 593; Osborn, 918 F.2d at 729 n.6. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

---

[7]   The Radisson Defendants also requested sanctions in the form of barring plaintiff from further filings without representation. On March 13, 2008, the Court entered an Order prohibiting plaintiff from filing any cases related to the Radisson incident in this Court without prior written approval of a United States Magistrate Judge. See Order dated March 13, 2008, Docket No. 304 in O'Neal v. Moore, et al., Case No. 06-2336 (ADM/JSM). As such, the Radisson Defendants' request is moot.

claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact

exist."  Osborn, 918 F.2d at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n,

549 F. 2d 884, 891 (3rd Cir. 1977)).

Here, because the Court has considered materials outside the Second Amended

Complaint, it concludes that the City Defendants have made a factual challenge to

subject matter jurisdiction.

### B.    Rule 12(b)(6) Motion to Dismiss

A civil complaint will be dismissed upon motion by a defendant, if the plaintiff has

failed to plead an actionable claim for relief against that defendant.  Fed. R. Civ.

P. 12(b)(6).  To state an actionable claim for relief, a complaint must allege a set of

historical facts, which, if proven true, would entitle the plaintiff to some legal redress

against the named defendants under some established legal theory.

> At this stage of the litigation, we accept as true all of the factual allegations
> contained in the complaint, and review the complaint to determine whether
> its allegations show that the pleader is entitled to relief. Bell Atlantic Corp.
> v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929
> (2007); Fed.R.Civ.P. 8(a)(2). The plaintiffs need not provide specific facts
> in support of their allegations, Erickson v. Pardus, --- U.S. ----, 127 S.Ct.
> 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), but they must include
> sufficient factual information to provide the "grounds" on which the claim
> rests, and to raise a right to relief above a speculative level. Twombly,
> 127 S.Ct. at 1964-65 & n. 3. Martin v. Aubuchon, 623 F.2d 1282, 1286
> (8th Cir. 1980) ("the complaint must allege facts, which if true, state a
> claim as a matter of law").

Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).  Thus, to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." Twombly, 127 S. Ct. at 1974.  Pro se complaints are held to less

stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner,

404 U.S. 519, 520 (1972) (per curiam). However, "[a]lthough it is to be liberally

construed, a pro se complaint must contain specific facts supporting its conclusions."

<u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985).

As a general rule, the Court may not consider materials "outside the pleadings"

on a motion to dismiss.  But, this does not mean that only the complaint itself may be

reviewed.  As the court noted in <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079

(8th Cir. 1999):

> When considering a motion for judgment on the pleadings
> (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the
> court generally must ignore materials outside the pleadings,
> but it may consider 'some materials that are part of the
> public record or do not contradict the complaint,' <u>Missouri ex
> rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1107
> (8th Cir.), <u>cert. denied</u>, __U.S.__, No.98-1848, 1999 WL
> 319349 (U.S. June 24, 1999), as well as materials that are
> 'necessarily embraced by the pleadings.'  <u>Piper Jaffray Cos.
> v. National Union Fire Ins. Co.</u>, 967 F. Supp. 1146, 1152
> (D. Minn. 1997).  <u>See also</u> 5A Charles Alan Wright & Arthur
> R. Miller, <u>Federal Practice and Procedure: Civil 2d</u> §1357, at
> 199 (1990)(court may consider 'matters of public record,
> orders, items appearing in the record of the case, and
> exhibits attached to the complaint').

Therefore, documents attached to the complaint may be reviewed on a motion to

dismiss, since they are part of the pleading,[8] as well as documents that are part of a

public record.

### C.    <u>Summary Judgment</u>

Summary judgment is proper when, drawing all reasonable inferences in favor of

the non-moving party, there is no genuine issue of any material fact, and the moving

party is entitled to judgment as a matter of law.  Fed. R. Civ. 56; <u>Anderson v. Liberty

Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  The moving party bears the burden of showing

---

[8]    Rule 10(c) of the Federal Rules of Civil Procedure provides:  "**(c) Adoption by Reference; Exhibits.** . . . A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

that there are no genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  If the moving party carries its burden, the nonmoving party must point to specific facts in the record that create a genuine issue for trial.  Anderson, 477 U.S. at 256.  The non-moving party must "substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy."  Wilson v. Int'l. Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995).

## III.   CITY DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

This Court rejects the City Defendants' Rule 12(b)(1) challenge to subject matter jurisdiction based on the Rooker-Feldman doctrine, but does conclude that the plaintiff's case against them must be dismissed based on the doctrine expressed in Heck v. Humphrey, the preclusion doctrine of res judicata, and the one-year statute of limitations governing claims under the MHRA.

### A.    Subject Matter Jurisdiction and the Rooker-Feldman Doctrine

The City Defendants contended that the Court lacked subject matter jurisdiction because all of the counts alleged by plaintiff in the present case are inextricably intertwined with the Minnesota state court's dismissal of his Ramsey County Court cases with prejudice.  City Def. Mem., p. 7.  As such, according to the City Defendants, the Rooker-Feldman doctrine prohibits the Court from considering plaintiff's claims because they were already addressed by the Ramsey County District Court.  Id.  This Court disagrees.

"The Rooker-Feldman doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions. D.C. Court of Appeals v. Feldman,

460 U.S. 462, 482-83 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Such jurisdiction is vested only in the United States Supreme Court." Prince v.

Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (citing

Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000).).

As such, a federal plaintiff who was unsuccessful in state court "is barred from

seeking what in substance would be appellate review of the state judgment in a United

States district court based on the losing party's claim that the state judgment itself

violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-1006

(1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416).   The Rooker-

Feldman doctrine not only prohibits "straightforward appeals" of state judgments, but

also federal review of matters "inextricably intertwined" with state court rulings. See

Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (citing Lemonds, 222 F.3d at

492).   "A general federal claim is inextricably intertwined with a state court judgment 'if

the federal claim succeeds only to the extent that the state court wrongly decided the

issue before it.'"   Lemonds, 222 F.3d at 493 (quoting Pennzoil Co. v. Texaco, Inc.,

481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

In Exxon Mobil Corp. v. Saudi Basic Industries Corp. the Supreme Court

reminded litigants of the limited reach of the Rooker-Feldman doctrine:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the
> kind from which the doctrine acquired its name: cases brought by state-
> court losers complaining of injuries caused by state-court judgments
> rendered before the district court proceedings commenced and inviting
> district court review and rejection of those judgments.[9]  Rooker -Feldman

---

[9]       For example, as the Supreme Court noted earlier in the Exxon Mobile decision,
"Rooker was a suit commenced in Federal District Court to have a judgment of a state
court, adverse to the federal court plaintiffs, 'declared null and void.' 263 U.S., at 414,
44 S.Ct. 149. In Feldman, parties unsuccessful in the District of Columbia Court of

> does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

544 U.S. 280, 284 (2005) (emphasis added).

While it is true, as discussed in the next section, that many of the claims against the City Defendants were alleged by plaintiff in prior state and federal actions, that in itself is not a basis for invoking the Rooker-Feldman doctrine.   The Rooker-Feldman doctrine only applies to those situations where a claimant has sued and lost in state court and then commences an action in federal court seeking relief for an injury cased by the state court's decision.   As the Fourth Circuit succinctly explained, following the Supreme Court's decision in Exxon Mobil Corp:

> Under our prior cases, the Rooker-Feldman doctrine had been interpreted broadly to provide that the loser in a state-court adjudication was barred from bringing suit in federal court alleging the same claim or a claim that could have been brought in the state proceedings. Exxon teaches, however, that the Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Because Davani's suit does not challenge the state court's decision, and it instead seeks redress for an injury allegedly caused by Appellees, the Rooker-Feldman doctrine does not apply, and the district court's dismissal of Davani's complaint was in error.

Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006).  "Rather, Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it."  Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1157 (8th Cir. 2007) (citing Exxon Mobil, 544 U.S. at 292) (emphasis added)).

---

Appeals (the District's highest court) commenced a federal-court action against the very court that had rejected their applications."  544 U.S. at 283.

18

Here, plaintiff's Second Amended Complaint makes no mention of the state court decision by Judge Higgs dismissing five of plaintiff's cases. Stated otherwise, plaintiff is not seeking redress from any injury he may have suffered from Judge Higgs' Order dismissing his five cases – he is not seeking to declare Judge Higgs' Order null and void; he has not sought review and rejection of it. Instead, plaintiff is seeking redress for injuries allegedly caused by the City Defendants. Rooker-Feldman has no application and accordingly, the City Defendants' motion to dismiss on that basis should be denied.

### B.      Rule 12(b)(6) – Failure to State A Claim

Having rejected the City Defendants' subject matter challenge, the Court now addresses their argument that plaintiff's claims against them should be dismissed because they fail to state a claim upon which any relief can be granted.

#### 1.      Heck v. Humphrey

To the extent that plaintiff by his claims is seeking to challenge his trespass conviction, these claims are barred by the doctrine articulated in Heck v. Humphrey. In that case, the Supreme Court held that "[i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid...a [42 U.S.C.] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994).

In the present case, Counts III, IV and V of the Second Amended Complaint are all premised in whole or in part on a challenge by plaintiff to his trespass conviction for

which if he were to be successful, would require a determination that his conviction was invalid.   In particular, plaintiff has brought claims alleging improper procurement of a citizen's arrest form, issuance of the trespass warning against him for an improper discriminative and retaliatory motive, unlawful arrest and prosecution, and ultimately an improper guilty plea.   Plaintiff has neither alleged nor presented evidence that his trespass conviction was reversed, or declared invalid or vacated; in fact, plaintiff's conviction has been upheld by both the Minnesota Court of Appeals as well as the Minnesota Supreme Court.  See O'Neal I, 2006 WL 2947470 at *1.  Plaintiff then filed a second petition for post-conviction relief on August 21, 2007.  See O'Neal II, 2008 WL 2496998 at *1.  The district court summarily denied the petition on the grounds that his claims were procedurally barred, the Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review of his appeal on August 5, 2008.  Id.  Because plaintiff's conviction for trespass has never been declared invalid in any state or federal post-conviction proceeding, plaintiff cannot maintain a civil action seeking damages (or any other relief) based on that conviction.   Therefore, to the extent that Counts III, IV and IV are based on the propriety of his trespass conviction, the City Defendants' motion to dismiss should be granted for failure to state a claim upon which relief granted.

## 2.   Collateral Estoppel and Res Judicata

The City Defendants also contended that the doctrines of res judicata and collateral estoppel bar plaintiff from challenging his trespassing conviction, and also bar his claims of unlawful prosecution, assault, false arrest and imprisonment, and violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 and 2000a.  City Def. Mem., p. 14.

"'Res judicata' is the term traditionally used to describe two discrete effects: 1) what we now call claim preclusion, which is a valid final adjudication of a claim precludes a second action on that claim or any part of it; and 2) issue preclusion, long called 'collateral estoppel,' which traditionally occurs where an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or a different claim.'"   Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696, 701 (8th Cir. 2003) (quoting Thomas v. General Motors Corp., 522 U.S. 222, 233 n. 5 (1998)).

A party asserting that a claim is barred by res judicata (claim preclusion) must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (citations omitted). "Under res judicata 'a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.'"   Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services, 533 F.3d 634, 639 (8th Cir. 2008) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)) (emphasis added).  Thus, "'[a] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim.'"   Banks v. International Union Electronic, Elec., Technical, Salaried and Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990)); see also Costner, 153 F.3d at 673 (stating that "[r]egarding the 'same claims or causes of action' element of claim preclusion, we have stated that whether a second lawsuit is precluded turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim') (citations omitted).

In order for order for collateral estoppel (issue preclusion) to bar litigation of an issue, (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been litigated in the prior action; (3) the issue must have been determined by a valid and final judgment; (4) the determination must have been essential to the prior judgment; and (5) the estopped party must be a party or in privity with a party to the prior litigation.  See Mille Lacs Band of Chippewa Indians v. State of Minn., 124 F.3d 904, 922 (8th Cir. 1997) (citations omitted).

Preclusion is an affirmative defense and the burden of proof to establish such a defense falls on the defendant.  See Taylor v. Sturgell, 128 S.Ct. 2161, 2179-80 (2008) (citation omitted).

Based on two federal cases in this District which were dismissed with prejudice, this Court finds that virtually all of plaintiff's claims against the City Defendants are precluded by the doctrine of res judicata.

In O'Neal v. Fang -sic Vang, et al., Case No. 05-2464 (D.Minn., filed Oct. 25, 2005) (DSD/SRN), plaintiff brought suit in this court against Unknown 911 Dispatcher, Officer Vang, the City of St. Paul, Ramsey County Public Defender Autumn Nelson and City Attorney Cervantes.  See Hanson Affidavit, Ex., 3 (Order dated December 29, 2005 (J. Doty)).  The case arose from the same August 15, 2005 incident at the Radisson Hotel and made the same allegations as here, that Officer Vang unlawfully detained him and deprived him of certain property, and that his guilty plea was unlawful.  It also alleged that attorneys Nelson and Cervantes coerced him into pleading guilty.  Plaintiff cited 42 U.S.C. §§ 1983, 1985, and 1988 as the basis for his claims of false arrest, unlawful detention, unlawful deprivation of property, unlawful search and seizure,

intentional infliction of emotional distress, malicious prosecution and ethnic intimidation. See Order dated December 29, 2005 (J. Doty), pp. 2-3.

Judge Doty concluded that plaintiff's claims of false arrest and malicious prosecution were barred by Heck v. Humphrey, which bars any civil rights suit for damages that would imply the invalidity of a state criminal conviction. 512 U.S. 477, 486-87 (1994). Judge Doty also dismissed plaintiff's claims of unreasonable search, unlawful detention and intentional infliction of emotional distress on the grounds that they failed to allege any facts to support his claims, that his claim of unlawful deprivation of property did not constitute a § 1983 violation because he had a post-deprivation remedy pursuable in state court, and that his claim of ethnic intimidation stated no legal basis for such a claim. See Dec. 29, 2005 Order, pp. 5-8. Plaintiff's application to proceed in forma pauperis was denied and the action was summarily dismissed. Id. at 1.

In O'Neal v. Moore, et al., Case No. 06-2336 (filed June 8, 2006) (ADM/JSM), plaintiff brought suit against Moore, Vang, and the City of St. Paul, in addition to two other St. Paul Police officers. The suit also stemmed directly from the events of August 15, 2005. In that case, which was extensively litigated by plaintiff, Judge Montgomery adopted this Court's Report and Recommendation and granted defendants' motion for summary judgment and denying plaintiff's motion for summary judgment. O'Neal v. Moore, 2008 WL 4417327 at *1 (D.Minn. Sept. 24, 2008).

"It is well established that summary judgment is a final judgment on the merits for purposes of res judicata." Dicken v. Ashcroft, 972 F.2d 231, 233 (8th Cir. 1992). See also King v. Hoover Group, Inc., 958 F.2d 219, 222 (8th Cir. 1992) ("Once a court with

jurisdiction to hear a matter has entered a final judgment on the merits, the parties and their privies are forever bound.").[10]

O'Neal v. Moore, et al., like O'Neal v. Fang -sic Vang, et al., dealt with the incident on August 15, 2005, and subsequent related events.  After his arrest, detention, release, and plea of guilty, plaintiff requested, pursuant to the MGDPA release of certain records from the St. Paul Police Department surrounding his encounter with and arrest by police on August 15, 2005.  Additionally, plaintiff filed an administrative complaint against Officer Vang alleging excessive force and theft, and complaints against Officers Vang and Graupmann with the Board of P.O.S.T.  After some effort, plaintiff received transcripts of the 911 emergency calls from the Radisson on August 15, 2005.  On May 17, 2006, plaintiff informed city clerk Moore that he believed the 911 records he had received were not complete because they did not contain his second 911 call requesting the dispatch of an officer to supervise Officer Vang, and that he still had not received police reports that were requested, including reports submitted by Officers Vang and Graupmann and a citizens arrest form submitted by Cook.  On June 19, 2006, Moore wrote plaintiff a letter responding to his Notice of Inaccurate Data dated May 17, 2006, informing him that she had conducted a review of the data regarding the August 15, 2005 incident, and that she had determined that the data concerning the incident was complete.  As to plaintiff's position that he had not received all reports regarding the incident at the Radisson Hotel, including the citizen's arrest form submitted by Cook, city clerk Moore stated that she had previously informed him on November 9, 2005, that

---

[10]    Plaintiff has appealed the Court's judgment in O'Neal v. Moore, et al. to the Eighth Circuit, which has not yet ruled on the appeal.  Nonetheless, "[i]t is well established in the federal courts that the pendency of an appeal does not diminish the res judicata effect of a judgment rendered by a federal court."  In re Ewing, 852 F.2d 1057, 1060 (8th Cir. 1988) (citations omitted).

the 911 transcripts and public versions of the police reports were available for his review, along with the citizen's arrest form, but if he wanted copies, he would have to pay for them.  See O'Neal v. Moore, 2008 WL 4417327 at *5-8.

In O'Neal v. Moore, et al., among the various claims asserted by plaintiff, the Court addressed plaintiff's claims of conspiracy among the defendants to discriminate against him and violate his civil rights by fraudulently manufacturing documents in response to plaintiff's MGDPA request.   With regard to plaintiff's allegations of conspiracy to manufacture of inaccurate or fraudulent records in violation of the MGDPA, this Court determined that none of those claims could succeed because he had submitted no evidence to the Court to make out the elements of conspiracy and failed to present any evidence that false records were prepared.  See O'Neal v. Moore, 2008 WL 4417327 at *20, 32.   Likewise, with regard to plaintiff's claims under the MHRA and § 2000a that City Attorney Choi and the City of St. Paul manufactured records, the Court found that plaintiff presented no evidence of discriminatory intent or motive.  Id. at *21-22, 24-25.  Furthermore, in O'Neal v. Moore, prior to its summary judgment decision, plaintiff attempted to amend his complaint to include a claim under Minn. Stat. §§ 481.071 and 481.07 regarding fraudulent manufacture of 911 transcripts. See Order dated Sept. 20, 2007, pp. 20-21.   In denying the amendment of plaintiff's complaint to include claims under §§ 481.071 and 481.07, the Court determined that the statutes concerned criminal penalties for attorney misconduct and did not create independent grounds for relief.  See Id. at pp. 17-18.  See also Handeen v. Lemaire, 112 F.3d 1339, 1355 (8th Cir. 1997) (citing Gilchrist v. Perl, 387 N.W.2d 412, 419 (Minn.1986); Love v. Anderson, 240 Minn. 312, 61 N.W.2d 419, 422 (1953)).  "[Minn. Stat. Ann. § 481.07] deals with penalties for deceit or collusion. It does not create a new

cause of action. The common law gives the right of action and the statute the penalty." Love, 61 N.W.2d at 422.

The Court finds that plaintiff's claims of unlawful arrest, detention and prosecution against trespass, set forth in Count IV of the Second Amended Complaint, were all addressed and denied by Judge Doty in O'Neal v. Fang -sic Vang, et al., and that plaintiff's present claims regarding Officer Vang's alleged assault were based on facts known to him and could have been raised by him at the time he filed O'Neal v. Fang -sic Vang on October 25, 2005. Thus, these claims are barred by the doctrine of res judicata.[11]

Likewise, plaintiff's present claims in Count V of conspiracy to fraudulently manufacturer and unlawfully to create the citizens arrest complaint signed by Cook in violation of Minn. Stat. §§ 481.071 and 481.07 and MGDPA, could have been raised in O'Neal v. Moore, et al., where the Court dismissed plaintiff's allegations of conspiracy to manufacture of inaccurate or fraudulent records in violation of the MGDPA, and his discrimination claims under the MHRA and § 2000a that City Attorney Choi and the City of St. Paul manufactured records. While these claims focused on 911 calls and transcripts, plaintiff had raised in O'Neal v. Moore, et al, the fact that he had informed city clerk Moore on May 17, 2006, that he had not received the citizens arrest form submitted by Cook, and that on June 19, 2006, Moore responded that she had conducted a review of the data regarding the August 15, 2005 incident, that she had determined that the data concerning the incident was complete and accurate, and that all reports regarding the incident at the Radisson Hotel, including the citizen's arrest

---

[11]    The doctrine of collateral estoppel also bars plaintiff's claims of unlawful arrest, detention and prosecution, as these same issues were litigated and decided against plaintiff in O'Neal v. Fang -sic Vang, et al.

form submitted by Cook, had previously been made available to plaintiff for his review.

Thus, any claim that plaintiff had regarding the manufacturing of a false citizens arrest

form could have been raised by plaintiff in O'Neal v. Moore, et al.  Finally, to the extent

that plaintiff's present claims of misrepresentation, fraud and deceit with respect to the

citizens arrest certificate signed by Cook are premised on Minn. Stat. §§ 481.071 and

481.07, that issue was already resolved in O'Neal v. Moore, et al., when this Court

denied plaintiff's attempt to add a claim under these statutes for fraudulent manufacture

of records because the statutes concerned criminal penalties for attorney misconduct

and did not create independent grounds for relief.

Because O'Neal v. Fang –sic Vang, et al. and O'Neal v. Moore et. al. resulted in

a final judgment on the merits, was based on proper jurisdiction, involved the same

defendants as alleged in the instant case (City of St. Paul, Vang, Cervantes, Choi and

Moore), were based upon the same facts arising from and subsequent to the incident on

August 15, 2005 as are alleged here, and either asserted or could have asserted the

same claims or causes of action as are alleged in Counts IV and V of the Second

Amended Complaint, the Court finds that all of these Counts are barred based on the

doctrines of res judicata.[12]

### 3.   MRHA and the Statute of Limitations

With respect to Counts III and the unnumbered Count, to the extent that they

allege that they raise violations of the MHRA with respect to the trespass warning

issued to plaintiff on August 22, 2005, and City Attorney Choi's involvement in

---

[12]   The City Defendants did not argue that any of the state court cases dismissed by Judge Higgs pursuant to his Order dated April 5, 2007 barred plaintiff's claims in this suit.  However, the Court does observe that Ramsey County Case No. CX-06-7244 against Officer Vang, City Attorney Choi, and the City of St. Paul, among other claims, alleged the concealment and creation of false records.

interrupting plaintiff's conversation with Cook on August 22, 2005, this Court finds that these claims are barred by the one-year statute of limitations governing actions brought under the MHRA. Minn. Stat. § 363A.28, subd. 3 provides:

> A claim of an unfair discriminatory practice must be brought as a civil action pursuant to section 363A.33, subdivision 1, filed in a charge with a local commission pursuant to section 363A.07, subdivision 3, or filed in a charge with the commissioner within one year after the occurrence of the practice.

The alleged occurrences for which plaintiff is seeking relief, occurred on August 22, 2005. Plaintiff did not commence this suit until July 9, 2007. Accordingly, any claims relating to the events on August 22, 2005 are barred by the MHRA's one-year statute of limitations.

For all of these reasons, the Court finds that based on Heck v. Humphrey, the doctrine of res judicata, and the one-year statute of limitations governing claims under the MHRA, all of plaintiff's claims against the City Defendants are barred and that their Motion to Dismiss should be granted.

## IV.   RADISSON DEFENDANTS' MOTION TO DISMISS

The Radisson Defendants moved to dismiss plaintiff's suit pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that the Second Amended Complaint failed to state claim under the MHRA, the federal civil rights statutes, and Minn. Stat. §§ 481.071 and 481.07. Additionally, the Radisson Defendants asserted that all of plaintiff's claims were barred by the doctrine of res judicata, any claims that were premised on a challenge to his trespass conviction were barred by Heck v. Humphrey, and his MHRA claims were barred by the applicable statute of limitations. The Radisson Defendants also sought dismissal of the suit pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 11. The Court finds that plaintiff's claims against the Radisson Defendants are barred by the doctrine

of res judicata and <u>Heck v. Humphrey</u>, and should be dismissed in their entirety on that basis.

### A.    <u>Res Judicata</u>

As best as this Court can discern from the allegations in the Second Amended Complaint, it appears that plaintiff is claiming the following as to the Radisson Defendants: in violation of the MHRA and 42 U.S.C. §§ 1983, 1985, 1986, and 2000a, Cook made a call to St. Paul Police on August 15, 2005 about plaintiff and asked him to leave the premises, which was false; Cook signed a false citizens arrest complaint which lead to his unlawful arrest, detention, prosecution, and guilty plea to the charge of trespass; an unknown Radisson Hotel manager interrupted a conversation that plaintiff was having with Cook on August 22, 2005, and requested plaintiff leave the premises; Cook signed a false trespass warning; and an unknown Radisson Hotel security person stopped plaintiff on August 23, 2005 and asked plaintiff to sign the trespass warning, which plaintiff did.

In Ramsey County Case No. CX-06-6756 against Cook, the Radisson Hotel, Crestline Hotel Management (and St. Paul Police Department Officer Graupmann and the City of St. Paul), plaintiff alleged that in violation of Minn. Stat. § 609.505, the MHRA, 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 2000a, and 18 U.S.C. §§ 241 and 242, on August 15, 2005, Cook made a false 911 call to the St. Paul Police Department complaining that plaintiff was trespassing.  Hanson Aff., Ex. 6 (Amended Complaint), Count I.  In addition, plaintiff alleged that, based on this false call and in violation of Minn. Stat. §§ 609.498, 609.50, 609.5051 and plaintiff's civil rights under state and federal laws, Cook, Crestline and the Radisson Hotel reported a false crime, obstructed legal process, tampered with a witness, caused a false arrest and unlawful detention,

instituted a malicious prosecution resulting in an unlawful conviction, defamed plaintiff's character, and intentionally inflicted emotional distress on him, Id., Counts II-IX.

In addressing the res judicata effect of a state court determination on a federal suit, the Court considers the following:

> The Full Faith and Credit Statute, 28 U.S.C. § 1738 (1994), requires that federal courts give state court judgments the same preclusive effect that such a judgment would be given in the courts of the state rendering the judgment. Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415-16, 66 L.Ed.2d 308 (1980); Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889-90, 72 L.Ed.2d 262 (1982); Tolefree v. City of Kansas City, 980 F.2d 1171, 1173-74 (8th Cir.1992), cert. denied, 510 U.S. 905, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993). Section 1738 does not permit federal courts to apply their own rules to determine the effect of state court judgments, but instead mandates that a federal court implement the preclusion rules of the state from which the judgment originated. Kremer, 456 U.S. at 482, 102 S.Ct. at 1898; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

Lommen v. City of East Grand Forks, 97 F.3d 272, 274-75 (8th Cir. 1996).

As such, the Court must look to Minnesota law to determine the preclusive effect of the decision of Judge Higgs in the Ramsey County Case No. CX-06-6756.  Under Minnesota law, "[r]es judicata precludes parties from raising subsequent claims in a second action when: '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.'"   Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 732 N.W.2d 209, 220 (Minn. 2007) (quoting Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action."   Brown-Wilbert, Inc., 732 N.W.2d at 220 (citing State v. Joseph, 636 N.W.2d 322, 327 (Minn. 2001)).   See also Demers v. City of Minneapolis, 486 N.W.2d 828, 830 (Minn.Ct.App. 1992)

("Application of the doctrine of res judicata constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privities, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein.").  One "test for determining whether two successive suits involve the same claims is to inquire whether both actions arise from the same operative nucleus of facts.  Nitz v. Nitz, 456 N.W.2d 450, 451 (Minn.Ct.App .1990).

As to the first factor, whether the earlier claim involved the same set of factual circumstances, it is clear from the operative complaints of the instant case and Ramsey County Case No. CX-06-6756 that both cases stem from the same set of factual circumstances – both cases are based on the incident on August 15, 2005 at the Radisson Hotel and the role of Cook, Crestline and the Radisson Hotel played in the making of the 911 call, the issuance of the citizen's arrest form, plaintiff's arrest, detention, prosecution, and guilty plea.  The Court finds that both cases arise from the same set of factual circumstances and the same operative nucleus of facts.

Regarding the second factor, whether the earlier claim involved the same parties or their privities, the Court finds that this requirement is also met.  Plaintiff and defendants Cook, Crestline and the Radisson Hotel appear as parties in both cases.[13]

---

[13]     Only Capital City Properties and the St. Paul Port Authority, who are named as defendants in the instant case, were not named in Ramsey County Case No. CX-06-6756.  Nonetheless, the Court finds that Capital City Properties and the St. Paul Port Authority are either in privity with the City of St. Paul (which was named in both suits) as alleged by plaintiff (Second Am. Complaint, ¶ 1), or they are privities of the Radisson Hotel, as represented by the Radisson Defendants.  In any event, even if Capital City Properties and the St. Paul Port Authority were not in privity with either the Radisson Hotel or City of St. Paul, such a finding is irrelevant to the res judicata analysis.  "'Privity' expresses the idea that as to certain matters and circumstances, people who are not parties to an action but who have interests affected by the judgment as to certain issues in the action are treated as if they were parties."  SMA Servs., Inc. v. Weaver, 632 N.W.2d 770, 774 (Minn.Ct.App. 2001).  "The concept of 'privity' has not been strictly defined, but it expresses the idea that certain non-parties may be so connected with the

The third factor addresses whether there was a final judgment on the merits.  In Minnesota, a dismissal with prejudice, even if based on nonsubstantive grounds, constitutes an adjudication on the merits and can form a basis for res judicata.  <u>Johnson v. Hunter</u>, 447 N.W.2d 871, 873 (Minn. 1989).   Furthermore, Rule 41.02(c) of the Minnesota Rules of Civil Procedure provides that unless the court specifies otherwise, any dismissal, except dismissals for lack of jurisdiction, forum non conveniens, or failure to join an indispensable party, operates as an adjudication on the merits.   As such, Judge Higgs' dismissal of plaintiff's cases constituted an adjudication on the merits.

The final factor is whether the estopped party, plaintiff, had a full and fair opportunity to litigate the matter.   "The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on 'whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.'"   <u>State v. Joseph</u>, 636 N.W.2d 322, 328 (Minn. 2001) (quoting <u>Sil-Flo, Inc. v. SFHC, Inc</u>., 917 F.2d 1507, 1521 (10th Cir. 1990)).

Here, plaintiff filed seven separate cases in Ramsey County District Court, including Ramsey County Case No. 06-67456, which suggests that he had more than an ample opportunity to be heard on the issues raised by the instant case.   Four of these cases, including Case No. 06-67456, were dismissed because plaintiff was determined to be a frivolous litigant based on the Judge Higgs' analysis of the merits of

---

litigation that the judgment should also determine their interests."   <u>Brunsoman v. Seltz</u>, 414 N.W.2d 547, 550 (Minn.Ct.App. 1987).   "The basic requirement is that the <u>estopped party's interests</u> have been sufficiently represented in the first action so that the application of collateral estoppel is not inequitable."   <u>Id</u>.   (emphasis added).   Here, the party against whom res judicata is being asserted – <u>i.e.</u> the person against whom estoppel is being sought – is plaintiff, not Capital City Properties and the St. Paul Port Authority.

each case, and because he failed to post the security required by the court to proceed in those cases.  Plaintiff elected not to appeal the entry of the security order, nor did he appeal the dismissal of those cases.  The Court finds that plaintiff had a full and fair opportunity to litigate the matters in Ramsey County.

The Court concludes that based on the doctrine of res judicata, Ramsey County Case No. 06-67456 precludes this Court from entertaining the present case against the Radisson Defendants in federal court.   Therefore, the Court recommends that the motion of the Radisson Defendants to dismiss be granted on this basis.

### B.   Heck v. Humphrey

The Radisson Defendants also submitted that any claims against them that were premised on a challenge to his trespass conviction were barred by Heck v. Humphrey. This argument applies not only to any claims against the Radisson Defendants related to plaintiff's unlawful arrest, prosecution and guilty plea, which were plead in both the instant suit and Ramsey County Case No. 06-67456, but also to one additional claim asserted by plaintiff in the present suit that was not addressed by plaintiff in Ramsey County Case No. 06-67456: that following the interruption by an unknown Radisson Hotel manager of a conversation that plaintiff was having with Cook on August 22, 2005, Cook allegedly signed a false trespass warning which plaintiff then signed the next day at the request of an unknown Radisson Hotel.   Second Am. Complaint, Count III.

As the Radisson Defendants contended, any claims which are based on a challenge to plaintiff's conviction for trespass are barred by Heck v. Humphrey.  Counts III, IV and V of the Second Amended Complaint are all premised in part on a challenge by plaintiff to his trespass conviction for which if he were to be successful, would require

a determination that his conviction was invalid.   In particular, plaintiff has asserted claims alleging improper procurement of a citizen's arrest form, issuance of the trespass warning against him, and unlawful arrest, prosecution and entry of a guilty plea.   As discussed in Section III.B.1, plaintiff's conviction has been upheld by both the Minnesota Court of Appeals as well as the Minnesota Supreme Court.   <u>See</u> <u>O'Neal II</u>, 2008 WL 2496998 at *1; <u>O'Neal I</u>, 2006 WL 2947470 at *1.   Because plaintiff's conviction for trespass has never been reversed or declared invalid, plaintiff cannot maintain a civil action seeking damages (or any other relief) based on that conviction.   Therefore, to the extent that Counts III, IV and V are based on the propriety of his trespass conviction, the Radisson Defendants' motion to dismiss should be granted for failure to state a claim upon which relief granted.

## V.    CONCLUSION

Plaintiff has litigated the incident of August 15, 2005 at the Radisson Hotel, and subsequent related events, extensively in both state and federal court.   Because the claims of the present case were previously addressed or could have been addressed in cases brought by plaintiff in Ramsey County District Court and in this District Court, plaintiff is barred from litigating the claims again in this suit.   Additionally, to the extent that plaintiff has asserted claims that would require this Court to invalidate his state trespass conviction, these claims cannot proceed based on the principles enunciated in <u>Heck v. Humphrey</u>.   Finally, to the extent that plaintiff's claims against the City Defendants rest on the MHRA, these claims are barred by the MHRA's one-year statute of limitations.   For all of these reasons, this Court recommends that all defendants' motions to dismiss be granted and that this case be dismissed in its entirety.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1.      Defendants' City of St. Paul, Manuel Cervantes, John J. Choi, Yileng Vang and Shari Moore Motion to Dismiss or for Summary Judgment [Docket No. 22] be GRANTED; and

2.      Defendants' Radisson Hotel, Capital City Properties, St. Paul Port Authority Prpty. and Nina Cook Motion to Dismiss [Docket No. 33] be GRANTED and for Sanctions Pursuant to 28 U.S.C. § 1915 and Rule 11, Federal Rules of Civil Procedure [Docket No. 33] be DENIED as moot.

Dated:      February 17, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## **NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 6, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.