# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Wendell Dwayne O'Neal,

        Plaintiff,

v.

Nina C. Cook, Radisson Hotel, City of St. Paul, Manuel Cervantes, John J. Choi, Yileng Vang, Capital City Properties, St. Paul Port Authority Prpty., Unknown Manager, Unknown Security Person, Shari Moore, Crestline Hotel Mgmt., and Carlson,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 07-2803 ADM/JSM

---

Wendell Dwayne O'Neal,

        Plaintiff,

v.

City of St. Paul, Manuel Cervantes, John Harrington, Cory Manthei, Yileng Vang, Ramsey County, Susan Gaertner, Patricia Leski, Bob Fletcher, Greg Slatter, and Unknown Ramsey Dpty. Sheriff,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 07-3947 ADM/JSM

Wendell Dwayne O'Neal,

        Plaintiff,

v.

City of St. Paul, Manuel Cervantes,
Teresa Skarda, Andrea Miller,
George T. Stephenson, John J. Choi,
Jessica McConnelly, Ramsey County,
Mr. Gill, Autumn X. Nelson, and
Unknown Student Attorney,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 07-4230 ADM/JSM

_____

Wendell Dwayne O'Neal, pro se.

Judith A. Hanson, Esq., Assistant City Attorney, St. Paul, MN, on behalf of the City Defendants.

Louise A. Behrendt, Esq., Stich Angell Kreidler & Dodge, PA, Minneapolis, MN, on behalf of the Radisson Defendants.

C. David Dietz, Esq., Ramsey County Attorney, St. Paul, MN, on behalf of the Ramsey County Defendants.

John S. Garry, Esq., Minnesota Attorney General's Office, St. Paul, MN, on behalf of the State Defendants.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Wendell Dwayne O'Neal's ("O'Neal") Objections to three Reports and Recommendations (the "2803 R&R," the "3947 R&R," and the "4230 R&R," collectively "R&Rs") issued by Magistrate Judge Janie S. Mayeron. There is considerable overlap between the parties in the three above-captioned cases, and the claims all arise out of the same incident that occurred at the

Radisson Hotel in St. Paul on August 15, 2005.  Judge Mayeron recommended that all of O'Neal's claims be dismissed in Case No. 07-2803, Case No. 07-3947, and Case No. 07-4230.

Before the Court in the 07-2803 case is O'Neal's Objection [Docket No. 49] to Judge Mayeron's R&R [Docket No. 48].  O'Neal also filed a Motion for Leave to File Docket Entry 49 [Docket No. 51].  The R&R recommends that (1) Defendants City of St. Paul, Manuel Cervantes, John J. Choi, Yileng Vang, and Shari Moore's Motion to Dismiss or for Summary Judgment [Docket No. 22] be granted and (2) Defendants Radisson Hotel, Capital City Properties, St. Paul Port Authority Prpty., and Nina Cook's Motion to Dismiss [Docket No. 33] be granted and Motion for Sanctions be denied as moot.  For the reasons set forth below, the Objection is overruled, the R&R is adopted, and O'Neal is denied leave to file Docket Entry 49.

Before the Court in the 07-3947 case is O'Neal's Amended Objection [Docket No. 41] to Judge Mayeron's R&R [Docket No. 39].  In the R&R, Judge Mayeron recommended that (1) O'Neal's First Application for Entry of Default Against Yileng Vang for failure to Answer [Docket No. 10] be denied, (2) O'Neal's Rule 54(b) Partial Summary Judgment Motion [Docket No. 26] be denied, (3) O'Neal's Rule 56(c) Summary Judgment Motion [Docket No. 27] be denied, (4) Defendants City of Saint Paul, Manuel Cervantes, John Harrington, Cory Manthei, and Yileng Vang's Motion to Dismiss or for Summary Judgment [Docket No. 11] be granted, and (5) Defendants Ramsey County, Patricia Leski, Bob Fletcher, Greg Slatter, and Unknown Ramsey County Deputy Sheriff's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 16] be granted.  O'Neal has subsequently filed a Motion for Contempt Proceeding [Docket No. 46] against the Defendants and a Motion for Discovery [Docket No. 49].  For the reasons set forth below, the Objection is overruled, the R&R is adopted, the Motion

for Contempt Proceeding is denied, and the Motion for Discovery is denied.

Before the Court in the 07-4230 case is O'Neal's Objection [Docket No. 85] to Judge Mayeron's R&R [Docket No. 83]. The R&R recommends that (1) Defendants City of St. Paul, Manuel Cervantes, Teresa Skarda, Andrea Miller, John J. Choi, and Jessica McConnelly's Motion to Dismiss or in the Alternative Summary Judgment [Docket No. 23] be granted, (2) Defendants George T. Stephenson, David J. Gill, Autumn X. Nelson, and Unknown Student Attorney's Motion to Dismiss [Docket No. 35] be granted, (3) Ramsey County's Motion for Summary Judgment [Docket No. 50] be granted, (4) O'Neal's First Motion for Partial Summary Judgment Against Defendants Ramsey County [Docket No. 32] be denied, and (5) O'Neal's First Motion for Partial Summary Judgment Against Defs. City, Choi, Skarda, Miller, Stephenson, and McConnelly [Docket No. 39] be denied. Subsequently, O'Neal has filed a Motion for Contempt Against Defendants [Docket No. 90] and a Motion for Discovery [Docket No. 93]. For the reasons set forth below, the Objection is overruled, the R&R is adopted, the Motion for Contempt is denied, and the Motion for Discovery is denied as moot.

## II. BACKGROUND

Judge Mayeron's three R&Rs total 106 pages and thoroughly discuss the factual and legal background of O'Neal's claims. The background contained in the R&Rs is incorporated herein in their entirety. By way of summary, all of O'Neal's many claims stem from a single incident at the St. Paul Radisson on August 15, 2005. O'Neal was arrested by the St. Paul police, taken into custody, and released later that day after pleading guilty to a petty misdemeanor charge of trespass in Ramsey County Court. He has filed two post-conviction petitions in state court seeking to overturn his guilty plea; both petitions were denied and the

denials were affirmed by the Minnesota Court of Appeals and the Minnesota Supreme Court.

Since his conviction for trespass in 2005, O'Neal has filed six cases in state court and seven cases in federal court relating to the August 15 incident and subsequent events. All of the state court actions have been dismissed, and four of the federal actions have been dismissed. These three remaining cases are the subject of this Order. O'Neal maintains that he was never charged with trespass and that the many Defendants have together manufactured evidence and created a paper trail of the conviction to defend themselves. Among the defendants are the City of St. Paul, Manuel Cervantes, John J. Choi, Yileng Vang, Shari Moore, Teresa Skarda, Andrea Miller, Jessica McConnelly, and the Unknown St. Paul Police Officers (the "City Defendants"); Nina Cook, the Radisson Hotel, Capital City Properties, and St. Paul Port Authority Prpty. (the "Radisson Defendants"); Ramsey County, Susan Gaertner, Patricia Leski, Bob Fletcher, Greg Slatter and an Unknown Ramsey Deputy Sheriff (the "Ramsey County Defendants"); and George T. Stephenson, Mr. Gill, Autumn X. Nelson, and an Unknown Student Attorney (the "State Defendants").

### III. DISCUSSION[1]

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. O'Neal objects to Judge Mayeron's determinations in five areas: (1) claims barred

---

[1] In this Motion to Dismiss or for Summary Judgment, the facts are viewed in the light most favorable to the Plaintiff. See Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995); Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

under the principle articulated in Heck v. Humphrey, 512 U.S. 477 (1994); (2) claims barred by collateral estoppel and res judicata; (3) expiration of statute of limitations on O'Neal's Minnesota Human Rights Act ("MHRA") claims; (4) unconstitutional denial of bail and unconstitutional retention and distribution of his arrest records; and (5) the Rooker-Feldman[2] doctrine prohibition of some of his claims.

**A.     Heck**

Judge Mayeron recommends dismissal of various claims against the City Defendants, the Radisson Defendants, Ramsey County, and the State Defendants on the ground that those claims are barred under the principle articulated in Heck. In Heck, the Court held that a plaintiff asserting a claim under 42 U.S.C. § 1983 that would challenge the validity of a conviction or sentence must prove that his conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. In all three Objections, O'Neal argues that Heck does not apply because he has a letter from Candace Brunton, court stenographer on the date he was arraigned, in which she states that his case was not called before Judge Stephenson. Brunton Letter [07-4230 Docket No. 9]. He contends this letter proves that various Defendants have manufactured evidence to convict him of trespass and cover up any wrongdoing related to his subsequent attempts to expose the alleged wrongdoing.

O'Neal raised the issue of the Brunton letter with the Minnesota Court of Appeals in his second post-conviction petition. See O'Neal v. State of Minnesota, No. A07-1970, 2008 WL

---

[2] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2496998, at *1 Minn. Ct. App. June 24, 2008), <u>rev. den.</u> August 5, 2008; <u>see also</u> Hanson Aff. [07-4230 Docket No. 26] Ex. 10 (O'Neal Petition for Post-Conviction Relief). The Court of Appeals found that this argument was procedurally barred because O'Neal could have raised this issue in his first post-conviction petition and declined to reverse O'Neal's conviction. <u>O'Neal</u>, 2008 WL 2496998, at *1. As O'Neal admits in his Objections, he cannot show that his conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the Court adopts the recommendation that the claims identified in the R&Rs be dismissed as barred by the rule in <u>Heck</u>.

**B.     Collateral Estoppel and Res Judicata**

Judge Mayeron recommends dismissal of another set of claims against the City Defendants and the Radisson Defendants based on the doctrine of res judicata and collateral estoppel. A party asserting a res judicata defense must show that "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." <u>Costner v. URS Consultants, Inc.</u>, 153 F.3d 667, 673 (8th Cir. 1998). A collateral estoppel defense requires that (1) the precluded issue must be the same as in the prior action; (2) the issue must have been litigated; (3) the issue was determined by a valid and final judgment; (4) the determination was essential to the final judgment; and (5) the estopped party must be a party to or in privity with a party to the prior litigation. <u>Mille Lacs Band of Chippewa Indians v. Minnesota</u>, 124 F.3d 904, 922 (8th Cir. 1997).

O'Neal argues that res judicata and collateral estoppel do not apply in this case for two

7

reasons. The first is a broad assertion that he has not had an opportunity to fully litigate these claims in a prior action. To the contrary, he has had the opportunity in ten prior cases to address these dismissed claims and shown extraordinary diligence in pursuing those claims with voluminous filings. He also argues that res judicata does not apply because Judge David S. Doty's decision in O'Neal v. Fang -sic Vang, et al., Case No. 05-2464 (D.Minn., Dec. 29, 2005), did not constitute a decision on the merits. Judge Doty dismissed O'Neal's claims as barred under the rule in Heck for failure to state a claim. Dismissal for failure to state a claim constitutes a merits adjudication. Hooker v. Story, 159 F.3d 1139, 1140 (8th Cir. 1998); see also Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398-99, n.3 (1981). Accordingly, Judge Doty's decision in Fang -sic Vang constitutes a merits adjudication for purposes of res judicata. The Court adopts the recommendations in the 2803 R&R and the 3947 R&R that the claims as identified in those R&Rs are dismissed because they are barred by res judicata and collateral estoppel.

C.  **Statute of Limitations on the MHRA Claim**s

Judge Mayeron recommends dismissal of various MHRA claims against the City Defendants because the statute of limitations expired prior to the filing of this case. Minnesota Statute § 363A.28, subd. 3 provides:

> A claim of unfair discriminatory practice must be brought as a civil action pursuant to section 363A.33, subdivision 1, filed in a charge with a local commission pursuant to section 363A.07, subdivision 3, or filed in a charge with the commissioner within one year after the occurrence of the practice.

The actions that form the factual predicate for the MHRA claims occurred on August 22, 2005 when O'Neal returned to the Radisson to confront Cook about the 911 calls. He did not file this

suit until July 9, 2007, almost two years after the incident. O'Neal argues that the Court should toll the statute of limitation because he had raised these claims in previous filings. The record does not support this contention. It appears that in the thirteen actions O'Neal has commenced surrounding the August 15, 2005 incident, the first and only time he raised the MHRA claims regarding the events of August 22, 2005 was in Case No. 07-2803, filed on July 9, 2007. Therefore, the Court adopts the 2803 R&R's recommendations regarding the MHRA claims and concludes that they are barred by the statute of limitations.

**D.    Unconstitutional Denial of Bail and Retention and Distribution of Arrest Records**

Judge Mayeron recommends dismissal of claims against the Ramsey County Defendants because no actionable § 1983 claim can be premised upon nine and a half hours detention and the retention and distribution of arrest records. To succeed on a § 1983 claim, a plaintiff must show "(1) a violation of a constitutional right or federal law, (2) which was committed by a state actor (3) who acted with the requisite culpability and causation to violate the constitutional or federal right." Cox v. Sugg, 484 F.3d 1062, 1066 (8th Cir. 2007).

Under the Fourth Amendment, an arrestee "may be detained only for as long as it takes to process the administrative steps incident to arrest." Wayland v. City of Springdale, 933 F.3d 668, 669 (8th Cir. 1991). O'Neal argues that being held for nine and a half hours without bail is a per se constitutional violation. The Court agrees with Judge Mayeron that his contention is without merit. O'Neal was arrested at 1:30 a.m. Finding an available magistrate for an immediate bail determination at that time of night is unreasonable. Moreover, the Supreme Court has ruled that a judicial determination of probable cause within 48 hours of arrest is a prompt adjudication. County of Riverside v. McLaughlin, 500 U.S. 44, 56-57 (1991). As to his

arrest records, O'Neal has no fundamental right to privacy in his arrest records. The constitutional right to privacy does not prohibit the publication of "a record of an official act such as an arrest." Paul v. Davis, 424 U.S. 893, 713 (1976). For these reasons, the Court adopts the 3947 R&R's recommendations.

**E.     Rooker-Feldman**

Judge Mayeron recommends dismissal of the claims against the City Defendants, Ramsey County, and the State Defendants on the ground that those claims are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine "is applied to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" MSK EyEs Ltd. v. Wells Fargo Bank, Nat. Ass'n, 546 F.3d 533, 539 (8th Cir. 2008) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Rooker-Feldman applies not only to appeals of state judgments, but also to federal review of issues "inextricably intertwined" with the state court ruling. See Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003). A federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Lemonds v, St. Louis County, 222 F.3d 488, 493 (8th Cir. 2000).

Judge Mayeron found that O'Neal seeks federal review of his state court trespass conviction and, thus, Rooker-Feldman applies. O'Neal objects to this finding again raising his claim that he was never convicted of trespass in Ramsey County. His Objection highlights the fact that the relief he seeks is federal review of the state court judgment, exactly the type of claim barred by Rooker-Feldman. The Court adopts the 4230 R&R's recommendations

regarding claims against the City Defendants, Ramsey County, and the State Defendants and concludes that they are barred by the Rooker-Feldman doctrine.

**F.      Motions Filed Subsequent to the Objections**

O'Neal has filed various motions subsequent to the filing of his Objections. In Case No. 07-2803, O'Neal has filed a Motion for Leave to File Docket Entry 49, requesting an extension to file his Objection beyond the ten day requirement. It appears, however, that he filed his Objection in a timely manner. Therefore, the Court denies his motion as moot.

In Case Nos. 07-3947 and 07-4230, O'Neal has filed a Motion for Contempt Proceedings, arguing that Defendants have deliberately misrepresented to the Court that O'Neal was convicted of trespass for the August 15 incident. Defendants have merely provided the Court with public documents that O'Neal was convicted of trespass, and O'Neal has presented no evidence that any documents were manufactured. For this reason, the Motions for Contempt Proceedings are denied.

Finally, O'Neal has filed a Motion for an Evidentiary Hearing in Case Nos. 07-3947 and 07-4230. Because Defendants' Motions for Dismissal or Summary Judgment are granted, any need for an evidentiary hearing is moot, and the Motions for an Evidentiary Hearing are therefore denied.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The R&R in Case No. 07-2803 [Docket No. 48] is **ADOPTED**;

2.      O'Neal's Objection in Case No. 07-2803 [Docket No. 49] is **OVERRULED**;

3. O'Neal's Motion for Leave to File Docket Entry 49 in Case No. 07-2803 [Docket No. 51] is **DENIED** as moot;

4. Defendants City of St. Paul, Manuel Cervantes, John J. Choi, Yileng Vang, and Shari Moore's Motion to Dismiss or for Summary Judgment in Case No. 07-2803 [Docket No. 22] is **GRANTED**;

5. Defendants Radisson Hotel, Capital City Properties, St. Paul Port Authority Prpty., and Nina Cook's Motion to Dismiss in Case No. 07-2803 [Docket No. 33] is **GRANTED** and for Sanctions in Case No. 07-2803 [Docket No. 33] is **DENIED**;

6. The R&R in Case No. 07-3947 [Docket No. 39] is **ADOPTED**;

7. O'Neal's Amended Objection in Case No. 07-3947 [Docket No. 41] is **OVERRULED**;

8. O'Neal's Motion for a Contempt Hearing in Case No. 07-3947 [Docket No. 46] is **DENIED**;

9. O'Neal's First Application for Entry of Default Against Yileng Vang in Case No. 07-3947 [Docket No. 10] is **DENIED**;

10. O'Neal's Rule 54(b) Partial Summary Judgment Motion in Case No. 07-3947 [Docket No. 26] is **DENIED**;

11. O'Neal's Rule 56(c) Summary Judgment Motion in Case No. 07-3947 [Docket No. 27] is **DENIED**;

12. Defendants City of St. Paul, Manuel Cervantes, John Harrington, Cory Manthei, and Yileng Vang's Motion to Dismiss or for Summary Judgment in Case No. 07-

3947 [Docket No. 11] is **GRANTED**;

13. Defendants Ramsey County, Patricia Leski, Bob Fletcher, Greg Slatter, and Unknown Ramsey County Deputy Sheriff's Motion to Dismiss or for Summary Judgment in Case No. 07-3947 [Docket No. 16] is **GRANTED**;

14. O'Neal's Motion for Discovery in Case No. 07-3947 [Docket No. 49] is **DENIED** as moot;

15. The R&R in Case No. 07-4230 [Docket No. 83] is **ADOPTED**;

16. O'Neal's Objection in Case No. 07-4230 [Docket No. 85] is **OVERRULED**;

17. O'Neal's Motion for Contempt Hearing in Case No. 07-4230 [Docket No. 90] is **DENIED**;

18. O'Neal's Motion for Discovery in Case No. 07-4230 [Docket No. 93] is **DENIED** as moot;

19. Defendants City of St. Paul, Manuel Cervantes, Teresa Skarda, Andrea Miller, John J. Choi, and Jessica McConnelly's Motion to Dismiss or for Summary Judgment in Case No. 07-4230 [Docket No. 23] is **GRANTED**;

20. Defendants George T. Stephenson, David J. Gill, Autumn X. Nelson, and Unknown Student Attorney's Motion to Dismiss in Case No. 07-4230 [Docket No. 35] is **GRANTED**;

21. Defendant Ramsey County's Motion for Summary Judgment in Case No. 07-4230 [Docket No. 50] is **GRANTED**;

22. O'Neal's First Motion for Partial Summary Judgment Against Defendants, Ramsey County in Case No. 07-4230 [Docket No. 32] is **DENIED**; and

23. O'Neal's First Motion for Partial Summary Judgment Against Defs. City, Choi, Skarda, Miller, Stephenson, and McConnelly in Case No. 07-4230 [Docket No. 39] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                              BY THE COURT:

                                              <u>    s/Ann D. Montgomery    </u>
                                              ANN D. MONTGOMERY
                                              U.S. DISTRICT JUDGE

Dated:  March 19, 2009.